UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| RICHARD BRYAN and LINDA BRYAN, husband and wife, d/b/a Bryan Appraisals, | ) ) ) | NO.   CV-04-3102-LRS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | ORDER GRANTING IN PART |
| | ) | DENYING IN PART DEFENDANT'S |
| PFAU, INC., a Washington | ) | MOTION FOR SUMMARY JUDGMENT; |
| corporation; and DONOVAN T. PFAU | ) | DENYING MOTION TO DISQUALIFY; |
| and JANE DOE PFAU, husband and | ) | DENYING IN PART GRANTING IN |
| wife, and their marital | ) | PART DEFENDANT'S MOTION TO |
| community, | ) | STRIKE |
| | ) | |
| Defendants. | ) | |

On September 23, 2005, the Court held a hearing to hear argument on Defendants' Motion for Summary Judgment (Ct. Rec. 30), Defendants' Motion to Strike Portions of Plaintiff's Declaration in Opposition to Summary Judgment Motion (Ct. Rec. 52), and Defendants' Motion to Disqualify Counsel James Perkins (Ct. Rec. 49).  James Perkins participated on behalf of the plaintiffs and Floyd Ivey participated on behalf of the defendants.  At the conclusion of argument, the Court ruled orally on the record.  This Order is entered to memorialize and supplement the Court's oral ruling.

///

///

ORDER - 1

**IT IS HEREBY ORDERED:**

1. Defendants' Motion to Strike (Ct. Rec. 52) is GRANTED as to Exhibit One attached to the Perkins' Declaration and Exhibit Three attached to Perkins' Declaration.   Exhibit One is offered for illustrative purposes only and thus should not be part of the record, and Exhibit Three is irrelevant to the Court's determination of the summary judgment motion as authorship is not an issue in dispute.   Defendants' motion is **DENIED** as to the various aspects of Richard Bryan declaration as the Court finds it unnecessary to rely on those disputed portions of the record in deciding the summary judgment motion.

2. Defendant's Motion to Disqualify James Perkins (Ct. Rec. 49) is **DENIED** because the challenged testimony relates to an issue that is uncontested or a formality, the disqualification of the lawyer would work a hardship on the client, and the likelihood of the lawyer being a necessary witness in this case is not reasonably foreseeable.

3. Defendants' Motion for Summary Judgment is **GRANTED** in **PART** and **DENIED** in **PART** as follows:

a.  The Court finds the plaintiff has provided sufficient evidence of a valid copyright to go forward with his claim of copyright infringement.   Moreover, it is undisputed the copyrighted material is original to the author and fixed in a tangible medium of expression.

b. The Court denies the defendants' motion for summary judgment on the grounds of non-infringement. It has not been demonstrated that the similarities concern only noncopyrightable elements of plaintiff work, or that no reasonable trier of fact could find the works substantially similar.

c.   The Court cannot determine at this stage of the litigation whether any of the plaintiffs' claims are time barred as a question of fact exists as to when the plaintiffs discovered or should have discovered the alleged infringement and thus when the claims accrued. *See Polar Bear Productions v. Timex Corp.*, 384 F.3d 700, 705-07 (9th Cir. 2004)(rejecting the argument that recovery is barred for infringement occurring three years prior to the *filing* of the copyright action).

d.   The plaintiffs have conceded they will not seek statutory damages in this case.  In light of this concession, defendants' Motion for Summary Judgment is GRANTED as to any claims for statutory damages, attorney fees pursuant to 17 U.S.C. § 505, and punitive damages. Accordingly, the issues of "one work" and innocent infringement need not be addressed by the Court.

e. The Court finds a question of fact exists regarding the value of the copyrighted addendum and thus the Court can not find as a matter of law at this time that there are no actual damages.

4. On May 6, 2005 the Court entered an order staying discovery until the resolution of this initial round of motions.  In addition, due to the stay, this matter has not been set for trial.  The Court also specifically reserved ruling on that portion of Defendants' Motion to Limit Discovery (Ct. Rec. 19) regarding defendants' appraisals, tax returns, and depositions.  A telephonic hearing will be held on**DECEMBER 2, 2005** at **8:30 a.m.** to address these matters.  The parties are to call the Court's public conference line (509-376-1330) at the time of the hearing.

1    Prior to the hearing, the parties shall meet and confer to discuss
2    a proposed litigation plan for this case.  On or before**November 25, 2005**
3    counsel shall file, either jointly or separately, a status certificate
4    regarding their proposed litigation plan and also explicitly addressing
5    the following five issues:

6        a) Proposed discovery cut off and trial dates.

7        b) The bifurcation of trial by issues of liability and damages.

8        c) Appraisals/Protective Order

9    The plaintiffs and defendants are business competitors and the
10   appraisals sought in this matter contain confidential information
11   identifying financial institutions and others who have requested his
12   services.  Mr. Pfau appears to have an underlying fear of the defendants'
13   release of confidential commercial information could damage Mr. Pfau's
14   business.  The defendants concern about the disclosure of the information
15   contained in his appraisals in this case is legitimate and one that is
16   recognized under Fed. R. Civ. P. 26(c)(7).  However, statistical
17   sampling, as suggested by the defendants, is a system generally utilized
18   in the mass tort and complex litigation scenario and may not be the
19   appropriately tailored solution to the concerns of this case.

20   On the other hand, it seems a protective order may be useful.  <u>The
21   parties shall make a good faith effort to stipulate to an appropriate
22   protective order and file such stipulation with the Court prior to the
23   December 2, 2005 hearing</u>. If no stipulation can be agreed to each side
24   shall provide a separate proposal for consideration by the Court on or
25   before **November 25, 2005.**

26   ///

d) Tax Returns

It has been suggested that plaintiffs will seek the disclosure of defendants' tax returns for purposes of calculating damages.  There is a public policy of confidentiality of tax returns.  To require their discovery, a party must establish relevancy and the court must find a compelling need for the returns because the information is not otherwise obtainable.

e) The need to take additional depositions.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 24th day of October, 2005.


                                        *s/Lonny R. Suko*
                            _____
                                    LONNY R. SUKO
                            UNITED STATES DISTRICT JUDGE

ORDER - 5